THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Lori Chavez-DeRemer<br>Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>Barcor LC d/b/a O'Shucks Bar & Grill, and Bruce Corrigan,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:26-cv-308 DBB DBP<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff moves the court to compel Defendants to respond to its written discovery requests.[1] As set forth herein the court will grant the motion in part and order Defendants to pay fees and costs for their dilatory discovery production.

This action concerns allegations that Defendants willfully violated the Fair Labor Standards Act (FLSA). Plaintiff seeks to recover unpaid overtime compensation due to Defendants' employees. Plaintiff served interrogatories, requests for admission, and requests for production of documents (discovery) to each Defendant on August 5, 2026. Barcor produced certain discovery responses on Sunday, September 13, 2026. Plaintiff then contacted Corrigan again about discovery responses. Despite promises that they would be provided, Plaintiff contends they have yet to be produced.

In response to Plaintiff's Motion, Defendants represent that they have now served responses to the interrogatories and requests for admission. Thus, no further responses to those

[1] Motion for Short Form Discovery re: Responses to Interrogatories, Requests for Admission, Requests for Production of Documents (Motion), ECF No. 17.

discovery requests are necessary and that part of Plaintiff's Motion is moot. What remains are the discovery responses to Plaintiff's Requests for Production. "Defendants do not refuse to address Plaintiff's Requests for Production."[2] However, Defendants represent that they are having difficulty gaining possession and control of responsive materials because those materials are not in Defendants' possession. The responsive items are held or controlled by third parties, including Defendants' former certified public accountant and a third-party payroll software provider. Defendants maintain that they will continue trying to obtain these materials and ask the court to order the parties to engage in further meet and confer efforts to obtain those records.

Defendants rely on Rule 34 of the Federal Rules. Fed. R. Civ. P. 34(a)(1) states: "A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control."[3] Defendants contend that they cannot be required to produce materials beyond their control.

The court agrees with Defendants that a party is not required to produce documents that they do not possess or that are outside their control. However, Defendants' reading of "possession, custody, or control" is too narrow. Federal courts have "universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials or has the legal right to obtain the documents on demand."[4] Defendants have a legal right to their time and

---

[2] Opposition to Motion at 2, ECF No. 21.

[3] Fed. R. Civ. P. 34(a)(1).

[4] *Resol. Tr. Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *see Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."); *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) ("federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand.").

payroll records even if they are maintained by a third party. The court rejects Defendants' contention that Rule 34 provides any type of basis for not producing the responsive documents. They are to be produced, and Plaintiff's motion is granted as to Requests for Production.

Finally, Federal Rule 37(a)(5)(A) provides that if the "requested discovery is provided after the motion was filed—the court must … require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[5] Here by Defendants' own admission, Defendants served responses to the interrogatories and requests for admission after Plaintiff's Motion was filed. Based on Rule 37 and the delayed responses, the court awards Plaintiff's fees and reasonable expenses in bringing the Motion. Plaintiff is to file an affidavit outlining the reasonable hours spent in bringing the motion under the prevailing market rate in the legal community, i.e. apply the lodestar method, and submit it to the court for consideration.

ORDER

Based on the foregoing, the court DENIES AS MOOT Plaintiff's Motion as to the interrogatories and requests for admission because those responses have been provided. The court GRANTS Plaintiff's Motion as to the Requests for Production. Defendants are ORDERED to use renewed efforts and produce the requested discovery within sixty (60) days from the date of this order. Plaintiff may also seek to subpoena the third parties to obtain the discovery if needed.

IT IS SO ORDERED.

[5] Fed. R. Civ. P. 37(a)(5)(A).

DATED this 4 November 2026.

Dustin B. Pead
United States Magistrate Judge